UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECIL SCALF,

    Plaintiff,

-vs-                                                Case No. 8:11-CV-274-T-27EAJ

DR. CESAR HIDALGO, et al.,

    Defendants.
_____/

## ORDER

BEFORE THE COURT are Defendants', Dr. Cesar Hidalgo and Correctional Medical Services, Inc.'s, Motion to Dismiss and/or Strike Plaintiff's Complaint and Memorandum of Law ("motion") (Dkt. 11), and Plaintiff's response to the motion (Dkt. 13). For the reasons set forth below, the motion to dismiss will be granted, in part, without prejudice to the Plaintiff's ability to file an amended complaint within fourteen (14) days from the date of this Order.

### Introduction

Plaintiff filed this action against Grady Judd, Sheriff of Polk County, Florida ("Judd"), Dr. Cesar Hidalgo ("Hidalgo"), and Correctional Medical Services, Inc. ("CMS") for failing to provide Plaintiff with appropriate medical treatment, which led to injuries to Plaintiff's right eye, while he was incarcerated at the Polk County Jail ("PCJ"). The Complaint (Dkt. 1) asserts claims against Judd, Hidalgo, and CMS for deliberate indifference to Plaintiff's serious medical needs (Counts I, II, III), and against CMS for negligence (Count IV). Hidalgo and CMS move to dismiss the Complaint, or strike portions of the Complaint.

## Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

While the Court must accept all factual allegations as true in evaluating a motion to dismiss under Rule 12(b)(6), the tenet does not apply to legal conclusions. *Ashcroft*, 129 S. Ct. at 1949. Similarly, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

**I. Counts I and III**

Defendants move to dismiss Counts I and III of the Complaint. In Count I, Plaintiff alleges that Hidalgo violated Plaintiff's Eighth and Fourteenth Amendment rights by delaying necessary medical treatment for Plaintiff's right eye for twenty-eight days after Hidalgo referred Plaintiff to an ophthalmologist (Dkt. 1 at 10). In Count III, Plaintiff alleges that CMS violated Plaintiff's Eighth and Fourteenth Amendment rights because CMS's employee, Hidalgo, was deliberately indifferent to Plaintiff's serious medical needs by delaying the treatment for Plaintiff's right eye (Id. at 15). Plaintiff further alleges that CMS "does not have a proper, effective and medically sufficient referral process...has a pattern and practice of refusing to send inmates to receive outside specialty treatment in an effort to not incur the extra cost of such treatment...[and] has failed to establish and implement proper training, supervision and monitoring programs designed to ensure that the Plaintiff received proper medical care and treatment." (Id. at 16-17). Accordingly, Plaintiff alleges deliberate indifference, on the part of Hidalgo and CMS, to the medical needs of Plaintiff.

Defendants first argue that the allegations in Counts I and III "amount to a claim for medical negligence[,]" and therefore "must be dismissed for failure to participate in a presuit investigation process within the two-year statute of limitations for such claims." (Dkt. 11 at 4). Defendants next argue, with regard to the allegations of deliberate indifference by Hidalgo, that Count I should be dismissed because it does not "indicate that Dr. Hidalgo knowingly or intentionally denied [Plaintiff] access to an ophthalmologist." (Id. at 9). Finally, with regard to the allegations of deliberate indifference by CMS, Defendant argues that Plaintiff has alleged a claim "based solely on a theory of vicarious responsibility for the actions of Dr. Hidalgo and/or nursing staff[,]" which is insufficient to sustain a claim (Id.).

Plaintiff responds by confirming that he is asserting a claim for deliberate indifference to his

3

serious medical need against Hidalgo and CMS, not a claim for medical negligence under Fla. Stat., Ch. 766 (Dkt. 13 at 12). Plaintiff also argues that the Complaint's factual allegations set forth a plausible claim for deliberate indifference by both Hidalgo and CMS.

Deliberate indifference to an inmate's medical needs is a cognizable claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prove a claim for deliberate indifference to serious medical needs, Plaintiff must satisfy both an objective and subjective test. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). First, Plaintiff must demonstrate the existence of an objectively serious medical need. *Id.* Second, Plaintiff must prove that a jail official acted with an attitude of deliberate indifference to that medical need. *Id.* A showing of deliberate indifference has three components: (1) subjective knowledge on the part of the jail official that there is a risk of serious harm; (2) disregard of that risk; and (3) doing so by conduct that is more than mere negligence. *Id.* at 1245. An official can act with deliberate indifference, and not simply negligence, when he fails or refuses to obtain medical treatment for an inmate. *Id.* at 1246. A delay in the provision of medical treatment can also constitute deliberate indifference when, for example, a defendant delays provision of treatment for non-medical reasons. *Id.* Finally, "a claim of deliberate indifference requires proof of more than gross negligence." *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010).

Defendants do not dispute, at this stage of the proceedings, that Plaintiff had an objectively serious medical need (Dkt. 11 at 9). Therefore, Plaintiff satisfies the objective component of the deliberate indifference test.

With regard to Count I, the Complaint asserts factual allegations which support a claim of deliberate indifference by Hidalgo, including that Hidalgo was aware that Plaintiff needed medical

attention because he saw Plaintiff and referred him to an ophthalmologist on June 21, 2007 (Dkt. 1 at ¶ 38), and that Hidalgo disregarded a substantial risk of serious harm to Plaintiff by failing to fax, until 28 days later, the referral form to the appropriate department to ensure that Plaintiff was seen by the ophthalmologist (Id. at ¶¶ 22, 37, 39, 41). Viewed in the light most favorable to Plaintiff, these facts give rise to an inference of deliberate indifference. *See Duncan v. Corr. Med. Servs.*, 2012 U.S. App. LEXIS 1201, at *7-8 (11th Cir. Jan. 20, 2012) (unpublished) ("Deliberate indifference may be 'inferred from an unexplained delay in treating a known or obvious serious medical condition.'") (quoting *Harris v. Coweta Cnty.*, 21 F.3d 388, 394 (11th Cir. 1994)).

With respect to Ground III, the Complaint asserts factual allegations which support a claim of deliberate indifference by CMS, including that CMS was aware of prior problems with providing medical care to inmates at PCJ but has ignored these problems (Dkt. 1 at ¶33), that CMS does not have an adequate procedure for referring prisoners to outside medical services (Id. at ¶61), and that CMS has failed to appropriately train and supervise the medical staff at the jail (Id. at ¶66). These allegations satisfy the first and second requirements of deliberate indifference. Further, the allegation that CMS "has a pattern and practice of refusing to send inmates to receive outside specialty treatment in an effort to not incur the extra cost of such treatment" (Id. at ¶62) supports a finding of more than gross negligence. Therefore, the third requirement to show deliberate indifference is fulfilled. Accordingly, Plaintiff satisfies the subjective component of the deliberate indifference test.

In sum, the Complaint alleges facts which, if true, could constitute a claim of deliberate indifference by Hidalgo and CMS to Plaintiff's serious medical needs. Accordingly, Defendants' motion to dismiss Counts I and III will be denied.

## II. Count IV

Defendants argue that Count IV must be dismissed. First, Defendants argue that although Plaintiff has advanced an ordinary negligence claim against CMS, the allegations amount to a claim of medical negligence. Second, Defendants contend that any claim of ordinary negligence against CMS is a derivative cause of action to a medical malpractice action and should not be allowed. Defendants argue that since Count IV alleges a medical negligence claim, the claim must be dismissed because Plaintiff did not file the Complaint until after the two-year statute of limitations expired. Further, Defendants argue Count IV must be dismissed because Plaintiff did not complete a presuit investigation of the medical negligence claim, as required by Florida Statutes, Chapter 766, within the statute of limitations period (Dkt. 11 at 3-8).

Plaintiff argues that in the light most favorable to Plaintiff, the allegations in Count IV assert a claim for ordinary negligence because they allege that CMS "breached the standard of care in the community in areas that do not necessarily involve the 'application of medical services and the use of professional judgment or skill' as would be required for medical malpractice to be the real cause of action." (Dkt. 13 at 13).

Count IV alleges in pertinent part that "CMS. . .had a duty to develop, implement, and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialist when recommended by staff at CMS." (Dkt. 1 at 17). Count IV then alleges that "CMS. . .breached its duty of care by. . .[f]ailing to develop appropriate policies and procedures for addressing the needs of patients who are to be seen by outside medical specialists. . .[f]ailing to assure that its employee, DR. HIDALGO, properly followed-up with his patients to confirm he or she received the appropriate outside specialist care as recommended by the doctor;

and. . .[f]ailing to development [sic] and implement appropriate safeguards to ensure the safety of Plaintiff. . .who was in. . .CMS's care with an obvious need for medical attention with regards to his vision." (Id. at 17-18).

Construing the allegations of Count IV in the light most favorable to Plaintiff, this Court concludes that Count IV asserts a cause of action for ordinary negligence. "To qualify as a medical malpractice claim, the wrongful act alleged 'must be directly related to the improper application of medical services and the use of professional judgment or skill.'" *Horn v. Volusia County*, 2008 U.S. Dist. LEXIS 28988, at *19 (M.D. Fla. Apr. 9, 2008) (quoting *Quintanilla v. Coral Gables Hosp., Inc.*, 941 So. 2d 468, 469 (Fla. 3d DCA 2006) (citing *Lynn v. Mount Sinai Med. Ctr., Inc.*, 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997)). "[A] plaintiff is not barred from asserting an ordinary negligence claim as long as she does not rely on the medical negligence standard of care." *Id.* at *19-20 (citing *Feifer v. Galen of Fla., Inc.*, 685 So. 2d 882, 885 (Fla. 2d DCA 1996)).

It is feasible for Plaintiff to prove his claim without turning to the medical negligence standard of care. Developing and implementing policies to ensure that "inmates are seen by the appropriate medical specialist when recommended by staff at CMS" does not necessarily require "professional judgment or skill." *See Horn v. Volusia County*, 2008 U.S. Dist. LEXIS 28988, at * 20-21 ("For example, providing a person with access to medicine that has already been prescribed does not necessarily require 'professional judgment or skill.'") (citation omitted). Consequently, Count IV states a claim for ordinary negligence.

### III. Motion to Strike

*A. Eighth Amendment References*

Defendants first move to strike any reference in Counts I, III and IV of the Complaint to a

violation of the Eighth Amendment. Throughout the Complaint, Plaintiff alleges that Defendants violated his rights under both the Eighth and Fourteenth Amendments (Dkt. 1). Defendants assert that according to the Complaint, Plaintiff was not a convicted prisoner at the time of the incidents (Dkt. 11 at 10). Defendants therefore argue that Plaintiff cannot claim protection under the Eighth Amendment (Id.).

The Court concludes that Defendants' motion to strike reference to the Eighth Amendment will be denied for two reasons. First, the Eighth Amendment standard, applicable to prisoners, and the Fourteenth Amendment standard, applicable to pretrial detainees, are the same. *See Marsh v. Butler County*, 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc). Therefore, whether the Court analyzes Plaintiff's § 1983 claims under the Eighth Amendment or Fourteenth Amendment is immaterial. *See Hathcock v. Armor Corr. Health Servs.*, 186 Fed. Appx. 962, 963 n.1 (11th Cir. 2006) (unpublished).

Second, the Complaint does not specifically allege or assert facts clearly demonstrating that Plaintiff was a pretrial detainee and not a convicted prisoner at the time of the incidents (see Dkt. 1). Although Defendants conclude that Plaintiff "was not a convicted prisoner according to the Complaint. . ." (see Dkt. 11 at 10), it is unclear from the allegations of the Complaint whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events at issue. Therefore, if Plaintiff was a convicted prisoner at the time of the incidents, the Eighth Amendment would be applicable to his claims.

Nevertheless, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading. . .any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An 'immaterial matter' is one that has no important relationship to the claim or defense and an

'impertinent' matter is one that does not pertain to the issue(s) in question." *S.D. v. St. Johns County Sch. Dist.*, 2009 U.S. Dist. LEXIS 62013, at *3-4 (M.D. Fla. July 7, 2009) (citing *126th Avenue Landfill, Inc. v. Pinellas County*, 2009 U.S. Dist. LEXIS 49956, 2009 WL 1544030, at *2-3 (M.D. Fla. June 3, 2009); Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1382 at 458-63 (3d ed. 2004)). If Plaintiff was a pretrial detainee at the time of the incidents, the Eighth Amendment would have no bearing to this case.[1] Accordingly, the Complaint will be dismissed without prejudice to Plaintiff filing an amended complaint in which he clarifies whether he was a pretrial detainee or a convicted prisoner at the time of the incidents alleged in the Complaint, and under which constitutional amendment his right to adequate medical care derives.

*B. Paragraph 34*

Defendants also move to strike paragraph 34 of the Complaint on the ground that it does not contain any information relative to the § 1983 claims against Hidalgo and CMS. Paragraph 34 alleges a history of widespread medical abuse, at jails or prisons which contracted with CMS, that occurred prior to Defendant Judd contracting with CMS to provide medical services to detainees and prisoners at PCJ.

Plaintiff alleges that Defendant Judd failed remedy a widespread practice of providing inadequate medical treatment to inmates with serious medical needs incarcerated in the PCJ. Plaintiff alleges that the failure to remedy this practice resulted in the formation of a policy or custom of deliberate indifference to the medical needs of detainees and inmates at PCJ. This policy or custom, Plaintiff contends, led to his injuries.

---

[1] In the converse, if Plaintiff was a convicted prisoner at the time of the incidents, the Fourteenth Amendment would be immaterial to the case.

Defendant Judd cannot be held liable on a theory of respondeat superior. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "It is only when the execution of the government's policy or custom. . .inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (quotation omitted). Therefore, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289. "[T]o demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice," as opposed to a single incident. *Id.* at 1290 (quotation omitted).

"Repeated examples of delayed or denied medical care may indicate a deliberate indifference by prison authorities to the suffering that results." *Rogers v. Evans*, 792 F.2d 1052, 1059 (11th Cir. 1986) (citing *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir. 1977)). "[S]upervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations." *Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007) (citations omitted). The incidents identified in paragraph 34 are relevant to whether Defendant Judd knew or should have known of the history of the alleged mismanagement and substandard medical care provided at jails and prisons by CMS. Consequently, Defendants' motion to strike paragraph 34 of the Complaint will be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants', Dr. Cesar Hidalgo and Correctional Medical Services, Inc.'s, Motion to Dismiss and/or Strike Plaintiff's Complaint and Memorandum of Law (Dkt. 11) is **GRANTED** in part and **DENIED** in part. The motion is granted

solely to the extent that the Complaint is **DISMISSED** without prejudice to Plaintiff's ability to file, within fourteen (14) days from the date of this Order, an amended complaint in which Plaintiff clarifies whether he was a pretrial detainee or a convicted prisoner at the time of the incidents alleged in the Complaint, and under which constitutional amendment his right to adequate medical care derives. The motion is otherwise denied.

**DONE and ORDERED** in Tampa, Florida, on January 31st, 2012.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Counsel of Record

11